**Order filed March 14, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00157-CR
_____

## MATTHEW ALLEN BARKSDALE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13859**

### O R D E R

The jury convicted Matthew Allen Barksdale of the offense of aggravated sexual assault of a child and assessed his punishment at confinement for ninety-nine years. We abate the appeal and remand to the trial court for the appointment of new appellate counsel.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally

and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a response in which he asserts that his attorney did not provide him with effective representation. In addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to file a brief on the merits. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that an appeal would be frivolous. In the court's perspective, an appeal arising from a contested trial on guilt/innocence is not readily amenable to disposition under *Anders*. At a minimum, a challenge to the sufficiency of the evidence regarding penetration or the effectiveness of counsel would appear to present arguable grounds on appeal.

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d at 826–27. We direct the trial court to appoint

new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel by its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by March 31, 2014. Appellant's brief shall be due thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court for the appointment of new appellate counsel.

PER CURIAM

March 14, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.